**Darrick MARTINEZ, Petitioner— Appellant,**

v.

**Rosie GARCIA, Respondent—Appellee.**

No. 02–56678.

D.C. No. CV–01–00766–GHK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2003.

Decided June 10, 2004.

\* The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Marilee Marshall, Esq., Marilee Marshall & Associates, Inc., Los Angeles, CA, for Petitioner–Appellant.

Warren P. Robinson, DAG, Office of the California Attorney General, San Diego, CA, for Respondent-Appellee.

Before ALDISERT,\* TALLMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*

1. Darrick Martinez ("Martinez") failed to establish that the state appellate court's decision to permit amendment of the indictment was contrary to or an unreasonable application of clearly established United States Supreme Court precedent. *See Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003). Martinez's reliance on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Jones v. Smith*, 231 F.3d 1227 (9th Cir.2000), is misplaced. *Apprendi* did not directly address the issue of notice to the defendant of the criminal charges and is therefore not controlling. *See Clark*, 331 F.3d at 1069. The dicta in *Jones* is similarly of no assistance to Martinez, since clearly established law for purposes of habeas review is that propounded by the United States Supreme Court. *See id.*

2. The denial of Martinez's motion for a mistrial based on a witness's emotional outburst was not constitutional error. A jury's exposure to facts not in evidence is subject to *Brecht* harmless error analysis. *Lawson v. Borg*, 60 F.3d 608, 612 (9th Cir.1995). Since several witnesses identified Martinez as the assailant, Martinez failed to demonstrate that the witness's statement "had substantial and injurious effect or influence in determining

the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 631, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted). The jury was also "carefully admonished ... to ignore [the] statement and there is a strong presumption that the court's curative instruction was followed by the jury." *Mancuso v. Olivarez,* 292 F.3d 939, 952 (9th Cir.2002) (citation omitted).

■ 3. Martinez also failed to establish that he was prejudiced by his wearing of a stun belt. Since the trial court took steps to ensure that the stun belt was not visible to the jury, no error resulted. *See Rich v. Calderon,* 187 F.3d 1064, 1069 (9th Cir. 1999). Use of the stun belt therefore did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Williams v. Woodford,* 306 F.3d 665, 689 (9th Cir.2002) (citation omitted).

PETITION DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.